IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:22-CR-10014-009 |
| | ) | |
| | ) | |
| NYTERIOUS L. SHARP | ) | |
| a/k/a "Heavy" | | |

# ORDER

Upon the United States' Motion for a Protective Order pursuant to Federal Rule of Criminal Procedure 16(d)(1), and for good cause shown, it is hereby ORDERED that the Motion is GRANTED, and the following conditions shall apply to discovery made available by the government in this case, except as later agreed to by the parties or further ordered by the Court:

1. Where the United States provides copies of discovery materials to defense counsel:

    a. The materials shall be reviewed only by (i) the Defendant, (ii) counsel of record for the Defendant, (iii) employees of such attorney(s), (iv) a photocopying or data processing service to whom it is necessary that the Defendant show the materials for the purposes of preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter, (v) witnesses or potential witnesses for the defense, and (vi) defense experts or defense investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter.

    b. Duplicates of the materials may only be retained by: (i) counsel of record for the Defendant, (ii) employees of such attorney(s), (iii) a photocopying or data processing service to whom it is necessary that the defense show the materials for the

purposes of preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter, and (iv) defense experts or defense investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter.  The Defendant shall not retain duplicates of such materials at any time.

2. The substance of any discovery materials provided to, or made available for review by, defense counsel shall not be disclosed or related to any person other than (i) the Defendant, (ii) counsel of record for the Defendant, (iii) employees of such attorney(s), (iv) a photocopying or data processing service to whom it is necessary that the defense counsel show the materials for the purposes of preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter, (v) witnesses or potential witnesses for the defense, and (vi) defense experts or defense investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter.

3. The Defendant and their counsel shall use the discovery materials and their contents solely for the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter, and for no other purposes.  No additional copies or duplicates of the discovery materials shall be made, except as necessary for those purposes.

4. Before first disclosing discovery material or its contents to any of the individuals or entities listed above, the Defendant and their counsel must give him or her a copy of this Order, and he or she shall execute an agreement stating the following: "I hereby acknowledge that I, [name, position of employment], am about to receive information protected by the attached Court Order entered in the case of <u>United States v. Nyterious L. Sharp, a/k/a "Heavy"</u>, Case No. <u>1:22-CR-10014-009</u>.  I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of this Court Order.  I have been given a copy of and have read this Order and agree to be bound by its terms.  I agree to submit to the jurisdiction of the United States

District Court for the Western District of Arkansas for the sole purpose of having the terms of this order enforced." The original of such executed agreement, as well as records regarding the identification of the information or documents provided, shall be retained by the Defendant until such time as all appeals in this matter are concluded.

5. Should the Defendant include discovery materials or their contents in a pleading or other court filing, that document shall be filed under seal.

6. The Defendant shall treat personal identifying information from discovery, such as dates of birth, as "constructively redacted," and shall not use or disseminate such information without agreement from the government or approval from the Court.

7. Within 60 days of the conclusion of these proceedings (if any) and any direct appeal (if any) from or collateral attack (if any) upon these proceedings, all discovery material disclosed by the government and any duplicates thereof provided to any person by the defense shall be (i) returned to the government, or (ii) collected and destroyed by defense counsel, unless the Court gives specific permission for an exception to this requirement.

8. This Order also applies to any and all individuals to whom the Defendant, pursuant to this Order, shows or discloses the contents or substance of material produced to the Defendant by the government, as well as to any and all attorneys and agents of such individuals.

9. This Order applies to all discovery materials produced by the United States, including any produced before the date of this Order.

SO ORDERED this 12th day of October, 2022.

/s/ Susan O. Hickey
HONORABLE SUSAN O. HICKEY
CHIEF UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF ARKANSAS